**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARCOS MARTINEZ MEDINA, | : | |
| | : | Civil Action No. 11-6752(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES**

Marcos Martinez Medina
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

Paul A. Blaine
Office of the United States Attorney
Camden Federal Bldg & U.S. Courthouse
401 Market Street - 4th Floor
Camden, NJ  08101
    Counsel for Respondent


**HILLMAN,** District Judge

    Petitioner Marcos Martinez Medina, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a Petition for writ of habeas corpus

pursuant to 28 U.S.C. §§ 2241 and 2255.  Because it appears from a review of the Petition that this Court lacks jurisdiction under either provision, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner was indicted for participation, with more than 70 others, in a drug smuggling and distribution network in Puerto Rico between 1994 and 1997.  See generally U.S. v. Martinez-Medina, 279 F.3d 105 (1st Cir. 2002).  It was alleged that several violent killings occurred in connection with the activities of this network, but Petitioner was charged only with drug offenses, not with any murders.  Ultimately, following his conviction, Petitioner was sentenced to a 405-month term of imprisonment, based in part upon the trial court's cross-reference to the murder provisions of the U.S. Sentencing Guidelines, U.S.S.G. §§ 2A1.1 and 2D1.1(d)(1), which together set a base offense level of 43 if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111.  279 F.3d at 125.

At trial, and on direct appeal, Petitioner objected to being sentenced for a crime (murder) for which he was neither charged nor convicted, asserting that such sentencing violated his due process rights, and relying upon Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), in which the Supreme Court held that,

2

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The Court of Appeals for the First Circuit rejected Petitioner's argument, noting that Petitioner's concession regarding the drug quantity for which he was responsible subjected him to a statutory maximum sentence of 40 years--less than the 405-month term imposed--and rendered Apprendi inapplicable.  279 F.3d at 125.  The U.S. Supreme Court denied Petitioner's petition for writ of certiorari.  See Martinez-Medina v. U.S., 537 U.S. 920 (2002).

    Petitioner then filed in the trial court a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, which the trial court denied, and the Court of Appeals for the First Circuit affirmed the denial of relief.  See generally Martinez-Medina v. U.S., 277 F. App'x 1 (1st Cir. 2008).  Briefly, in his § 2255 motion, Petitioner unsuccessfully reasserted his Apprendi claims, including a claim that counsel was ineffective for conceding the drug quantity attributable to him, which would otherwise have required imposition of a shorter sentence.

    Here, Petitioner contends that Congress did not authorize the United States Sentencing Commission to promulgate the murder enhancement pursuant to which he was sentenced.  In addition, Petitioner asserts that he is unlawfully detained, and that he

3

can challenge his sentence under § 2241, because he is "actually innocent" of the murder which was a factor in his sentence, but for which he was not indicted, tried, or convicted.

More recently, Petitioner has filed a Motion [5] to transfer this matter to the District Court for the District of Puerto Rico arguing that, in U.S. v. Delgado-Marrero, 744 F.3d 167 (1st Cir. 2014), the Court of Appeals for the First Circuit retroactively applied Alleyne v. U.S., 133 S.Ct. 2151 (2013) (holding that any fact that increases the mandatory minimum sentence is an element that must be submitted to the jury and proved beyond a reasonable doubt).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas

corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case."  Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.) (citations omitted), cert. denied, 510 U.S. 946 (1993).  See also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, Petitioner has asserted jurisdiction under both 28 U.S.C. § 2255 and § 2241.  For the reasons set forth below, this Court finds that it lacks jurisdiction to consider this Petition under either provision.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997)

5

(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).[1]

Section 2255, however, contains a "safety valve" permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which permits filing in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  See 28 U.S.C. § 2255(e).

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was

---

[1] Motions under § 2255 must be brought before the court which imposed the sentence, here, the district court for the District of Puerto Rico.  See 28 U.S.C. § 2255.  In addition, a one-year limitations period applies to § 2255.  See 28 U.S.C. § 2255(f).  Further, second or successive motions are permitted only under very narrow circumstances.  See 28 U.S.C. §§ 2244, 2255(h).

6

persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

7

Thus, under Dorsainvil and its progeny, this Court could exercise § 2241 jurisdiction over this petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner has failed to bring his claim within the Dorsainvil rule.  His challenge to the legality of the Sentencing Guidelines murder enhancement provisions could have been raised on direct appeal or in his first § 2255 motion. Similarly, Petitioner could have challenged on direct appeal or in the first § 2255 motion the trial court's finding that he was guilty of the uncharged murder.  Accordingly, this Court lacks jurisdiction to consider the Petition under § 2241.  Instead, the Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court also lacks jurisdiction.  28 U.S.C. § 2255.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals

8

pursuant to 28 U.S.C. § 1631.  See Padilla v. Miner, 150 F. App'x 116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103, 104 n.1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)).  However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).  Here, too, Petitioner has moved to transfer this matter to the District Court for the District of Puerto Rico.

As Petitioner has already filed a § 2255 motion in the trial court, and cannot file a second or successive motion without leave of the appropriate Court of Appeals, this Court must determine whether transfer of this Petition to the Court of Appeals for the First Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.  Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

9

would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

Petitioner does not allege as a grounds for relief any of those for which a Court of Appeals may authorize the filing of a second or successive § 2255.  Although the First Circuit did apply Alleyne retroactively in Delgado-Marrero, 744 F.3d 167, that was a direct appeal; the First Circuit has not indicated its willingness to apply Alleyne retroactively to a case, such as this one, on collateral review.  And the Court of Appeals for the Third Circuit has held that the Alleyne decision does not provide a basis for authorization of a second or successive motion to vacate.  See U.S. v. Winkelman, 746 F.3d 134 (3d Cir. 2014).

Accordingly, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the First Circuit.  In addition, in the absence of authorization from the Court of Appeals for the First Circuit permitting Petitioner to file a second or successive § 2255 motion, it would not be appropriate to transfer this matter to the District Court for the District of Puerto Rico.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct.

11

V. <u>CONCLUSION</u>

For the reasons set forth above, this Court finds that it lacks jurisdiction over the Petition and will dismiss it without prejudice.  The Motion [5] to transfer will be denied.

An appropriate order follows.

At Camden, New Jersey                    s/ Noel L. Hillman
                                       Noel L. Hillman
                                       United States District Judge

Dated:  December 3, 2014